```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION


GEORGE E. VAHLE,
CURT BEAN TRANSPORT CO., INC.                          PLAINTIFFS


VS.                                   CIVIL ACTION NO. 3:06CV188LN


RAY WILLIAMS, RAY WILLIAMS D/B/A
RAY'S TRUCKING, DEEP SOUTH FREIGHT                     DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Ray Williams, Ray Williams d/b/a Ray's Trucking and Deep South Freight to dismiss or, in the alternative, for summary judgment pursuant to Rule 12(b) and/or Rule 56 of the Federal Rules of Civil Procedure.  Plaintiffs George E. Vahle and Curt Bean Transport Company, Inc. have responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

On April 13, 2003, the parties to this lawsuit were involved in an automobile accident in Webster Parish, Louisiana.  According to the complaint, while traveling along Interstate 20, a vehicle owned by defendant Deep South Freight and operated by defendant Ray Williams d/b/a Ray's Trucking struck a trailer attached to a vehicle owned by plaintiff Curt Bean Transport Company and operated by plaintiff George Vahle.  Nearly three years later, on

March 31, 2006, Vahle, a resident of Missouri, and Curt Bean Transport, an Arkansas corporation, filed the present action in this court on the basis of diversity jurisdiction against Ray Williams, a Mississippi resident, and Deep South Freight, an Alabama company.

Defendants have moved to dismiss, or in the alternative, for summary judgment, arguing that in accordance with Mississippi's borrowing statute, Miss. Code Ann. § 15-1-65, Louisiana's one-year prescription period, see La. Rev. Code Art. 3492, applies to bar this action. The borrowing statute provides as follows:

> When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitations shall apply.

In response to defendants' motion, plaintiffs do not deny that their claims accrued in Louisiana and that they did not file a complaint in Louisiana within that state's one-year statute of limitations, and that consequently, under Louisiana law, their claims would be barred by reason of lapse of time. They further admit that, as alleged in the complaint, Vahle is a Missouri resident and Curt Bean Transport is an Arkansas corporation. They contend, though, that because they have conducted significant business in Mississippi, then for purposes of the borrowing statute, they are considered residents of Mississippi and their

2

claims are thus governed by Mississippi's three-year statute of limitations. For the reasons that follow, the court concludes otherwise.

Plaintiffs rely on <u>St. Paul Fire & Marine Insurance Company v. Paw Paw's Camper City, Inc.</u>, 346 F.3d 153 (5th Cir. 2003), as support for their argument that since they do business in Mississippi, they qualify as "residents" of Mississippi for purposes of the borrowing statute. Yet in <u>St. Paul</u>, the Fifth Circuit did not hold that any plaintiff which does business in Mississippi is considered a resident for purposes of the borrowing statute. Rather, <u>St. Paul</u> can only be fairly read as holding that <u>non-resident corporations which have qualified to do business in Mississippi</u> are considered residents for purposes of the borrowing statute.

The issue presented for the court's consideration in <u>St. Paul</u> was "whether 'a foreign corporation, with a valid certificate of authority or license to do business in Mississippi, [is] a resident of Mississippi for the purpose of the borrowing statute." 346 F.3d at 155. Although the district court had concluded that Mississippi's borrowing statute unambiguously applied only to residents, which did not include corporations that were not domestic corporations, and which were not incorporated in Mississippi and did not have their principal place of business in Mississippi, the Fifth Circuit found the term "resident," as used

3

in the statute, was unclear and ambiguous.  For clarification, the court looked to the Mississippi Supreme Court's interpretation of "resident" under the state's long-arm statute.  In C.H. Leavell & Co. v. Doster, 211 So. 2d 813 (Miss. 1968), the court had held that "a foreign corporation who has qualified to do business in this state is a resident within the meaning of [the long-arm statute] so that such party may bring suit under" its terms. Doster, 211 So. 2d at 814 (cited in St. Paul, 346 F. 3d at 156). In reaching that conclusion, the court had found it important that Mississippi law "provides that a foreign corporation qualified to do business in this state shall, until qualification is revoked or withdrawn as provided in the Act, enjoy the same, but no greater, rights and privileges as a domestic corporation."  Id. (cited in St. Paul, 346 F. 3d at 156).  Thus the court in Doster had reasoned that "'a foreign corporation qualified to do business under the corporate laws of this state should have the same privileges and advantages of invoking the aid of the courts of this state under [the long-arm statute] as resident corporations if they are to have equal protection of the laws.'"  Id. (quoting Doster, 211 So. 2d at 814).

As is readily seen, the point of Doster, and hence of St. Paul, is that a foreign corporation which has qualified to do business in the state has the same rights and privileges as a resident corporation, and is for that reason considered a resident

4

for purposes of the long-arm statute, and the borrowing statute. See 356 F.3d at 157 (observing that Doster court interpreted term "resident" to include foreign corporations doing business within state in an effort to "avoid unequal treatment between residents and nonresidents who do business in state"). In contrast, foreign corporations which have not qualified to do business in Mississippi do not enjoy the same rights and privileges as a resident corporation. Consequently, there is no reason for treating such a corporation as a resident.[1]

From this, it follows that plaintiffs' claims are not governed by Mississippi's three-year statute of limitations, but rather Louisiana's one-year prescription period. Their claims are accordingly time-barred and it is therefore ordered that defendants' motion to dismiss is granted.

SO ORDERED this 29th day of August, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[1] Of course, as defendants point out, plaintiff Vahle is not even a corporation, but is simply an individual who resides in Missouri. Plaintiffs have offered no authority that even arguably supports treating him as a resident of Mississippi for any purpose.